02-12-420-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00420-CV

 

 


 
 
 Glenn
 Winningham; house of Fearn
  
 v.
  
  
 Terry
 Means, (so-called) Judge, John H. McBryde, (so-called) Judge, Sidney A.
 Fitzwater, (so-called) Judge, Karen Mitchell, Clerk of the Court, Lynn
 Tedford, Deputy Clerk, Edmond Dieth, Assistant Manager, United States
 District Court for the Northern District of Texas, David Knox, Attorney,
 Federal Express Corporation, Gregg Abbott, Texas Attorney General, and Rick
 Perry, Texas Governor
 
 
 §
  
  
  
 §
  
  
  
 §
  
  
  
 §
  
  
  
  
 
 
 From the 236th District
 Court
  
  
  
 of
 Tarrant County (236-261874-12)
  
  
  
 December
 21, 2012
  
  
  
 Per
 Curiam
  
  
  
  
 
 


 

JUDGMENT

This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00420-CV

 

 


 
 
 Glenn Winningham; house of Fearn
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Terry Means, (so-called) Judge, John H. McBryde,
 (so-called) Judge, SiDney A. Fitzwater, (so-called) Judge, Karen Mitchell, Clerk
 of the Court, Lynn Tedford, Deputy Clerk, Edmond Dieth, Assistant Manager,
 United States District Court for the Northern District of Texas, David Knox,
 Attorney, Federal Express Corporation, Gregg Abbott, Texas Attorney General,
 and Rick Perry, Texas Governor
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 236th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Glenn Winningham; house of Fearn filed a notice of appeal on October 15, 2012,
complaining of the trial court’s order sustaining the contest to his petition
to proceed in the trial court without the prepayment of fees or costs.  We
notified Appellant on November 8, 2012, of our concern that we lack
jurisdiction over this appeal because the order sustaining the contest to his petition
to proceed in the trial court without the prepayment of fees or costs does not
appear to be an appealable order, and we stated that his appeal could be
dismissed unless he or any party filed within ten days a response showing
grounds for continuing the appeal.  Appellant’s response does not show grounds
for continuing the appeal.

The
general rule, with a few exceptions, is that an appeal may be taken only from a
final judgment.[2]  Interlocutory orders may
be appealed only if allowed by statute.[3]  The trial court’s order sustaining
the contest to Appellant’s petition to proceed in the trial court without
advance payment of fees and costs is an interlocutory order for which there is
no right of interlocutory appeal.[4]  We thus lack subject
matter jurisdiction over this appeal.[5]  Accordingly, we dismiss
this appeal for want of jurisdiction.[6]

 

 

PER CURIAM

 

 

DELIVERED:  December 21,
2012









[1]See Tex. R. App. P. 47.4.





[2]Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).





[3]Bally Total Fitness
Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001).





[4]See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a) (West Supp. 2012); Montgomery v. Matucci,
02-10-00127-CV, 2010 WL 3075597, at *1 (Tex. App.—Fort Worth Aug. 5, 2010, no
pet.) (mem. op.).





[5]See Montgomery, 2010
WL 3075597, at *1; Aguilar v. Tex. La Fiesta Auto Sales LLC, No.
01-08-00653-CV, 2009 WL 1562838, at *1–2 (Tex. App.—Houston [1st Dist.] June 4,
2009, no pet.) (mem. op.).





[6]See Tex. R. App. P.
42.3(a), 43.2(f).